Michael F. ELEEY
v.
Thomas M. VOLATILE,
Commanding Officer,
and
Secretary of Defense.
Civ. A. No. 70–3257.

United States District Court,
E. D. Pennsylvania.

Feb. 16, 1971.

Steven M. Dranoff, Mesirov, Gelman, Jaffe & Levin, Philadelphia, Pa., Ralph A. Boniello, III, Boniello, Gellman, Anton, Brydges & Conti, Niagara Falls, N. Y., for petitioner.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for respondents.

## OPINION AND ORDER

FULLAM, District Judge.

Petitioner submitted to induction into the United States Armed Forces on November 25, 1970. He immediately filed in this Court a petition for a writ of habeas corpus. A temporary restraining order was issued preventing petitioner's removal from the jurisdiction, pending the disposition of the petition. A hearing on the petition was held January 8, 1971 at which counsel stipulated to the introduction of petitioner's selective service file as the sole evidence in the case.

Petitioner's file reveals that he was born on August 28, 1945 and that he registered with Local Board No. 80 in Niagara Falls, New York on September 5, 1963. He was originally classified II–S, and remained in that category until he was classified I–A on July 2, 1968. From October 8, 1968 until June 30, 1969, petitioner was classified II–A, on the basis of his work at the Annenberg School of Communications of the University of Pennsylvania as Staff Coordinator of a project commissioned by the National Commission on Causes and Prevention of Violence to investigate the effects of the portrayal of violence on television.

On August 5, 1969, petitioner was again classified II–A until February 10, 1970 on the basis of his continued work at the Annenberg School.

On March 12, 1970, the Scientific Advisory Committee of the Pennsylvania Headquarters of the Selective Service System requested petitioner's employer, Dean George Gerbner of the Annenberg School of Communications, to complete and return an "Occupational Inquiry Form." This form was designed to elicit information about the nature of a registrant's work and the reasons why the work should be considered "necessary to the national health, safety, or interest."

On April 23, 1970, petitioner's Local Board received notice from the Scientific Advisory Committee that it considered petitioner's work "nonessential." On May 6, 1970, petitioner was classified I–A. Though petitioner exhausted his administrative remedies in challenging his classification, he remained I–A, and on October 6, 1970, was ordered to report for induction.

Petitioner contends that his I–A classification was invalid for two reasons. The essence of the first contention is that since petitioner's Local Board classified him II–A on the basis of his employment, and his employment situation had not changed, the Local Board had no basis in fact for changing his classification to I–A. This contention is founded upon a misapprehension as to when the classification of a registrant in Class II–A may be reopened and as to the kinds of "facts" the local board may consider in determining a registrant's eligibility for Class II–A.

The regulations provide:

"(a) Class II deferments shall be for a period of one year or less. . . .

"(b) At the expiration of the period of a registrant's deferment in Class II, his classification shall be reopened and he shall be classified anew in the manner provided in Part 1625

of this chapter. . . ." 32 CFR § 1622.21 (1970).

Subsection 11 of Part 1625 provides:

"When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant as if he had never before been classified. . . ." 32 CFR § 1625.11 (1970).

█ It is plain from these regulations that petitioner's Local Board was required to reopen his classification whether or not his employment situation had changed and, in addition, the Board was required to reconsider the entire question of petitioner's eligibility for II–A classification.

With respect to the factors to be considered in making this determination, the regulations provide that a registrant is to be classified II–A if the local board determines, 32 CFR § 1622.20(a) (1970), that his civilian activity is "necessary to the maintenance of the national health, safety, or interest." [1] 32 CFR § 1622.22(a) (1970). This involves findings by the board that:

"(1) The registrant is, or but for a seasonal or temporary interruption would be, engaged in such activity.

"(2) The registrant cannot be replaced because of a shortage of persons with the qualifications or skill in such activity.

"(3) The removal of the registrant would cause a material loss of effectiveness in such activity." 32 CFR § 1622.23(a).

The local board is authorized to obtain information from any governmental agency to aid it in its determination of a registrant's eligibility for II–A classification, 32 CFR § 1622.20(c) (1970).

█ In my opinion, a finding of the Pennsylvania Scientific Advisory Committee that petitioner's activity was "nonessential" is the sort of fact, in the nature of an expert opinion, which the board could properly consider in determining whether petitioner was eligible for II–A classification. Therefore, petitioner's selective service file demonstrates a basis in fact for the denial of a II–A classification.

█ But petitioner claims that his classification was invalid in any event because his Local Board did not set forth its reasons for denying II–A classification. Generally a local board has not been required to give reasons for its actions; all that is required to sustain the action is a basis in fact in the registrant's file. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1945); Paszel v. Laird, 426 F.2d 1169, 1175 (2nd Cir. 1970). However, a number of recent cases, which petitioner contends control this case, have required local boards to set forth reasons for denying a registrant I–O classification, United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970), and for refusing to reopen a registrant's classification, after an induction order has been issued, to consider a claim for I–O classification. Scott v. Commanding Officer, 431 F.2d 1132 (3rd Cir. 1970); Paszel v. Laird, *supra*; Capobianco v. Laird, 424 F.2d 1304 (2d Cir. 1970).

In each of these cases, the registrant's file contained facts establishing a prima facie conscientious objector claim and contained no objective facts detracting from the claim. Each of the boards, however, without stating reasons, either

---

1. Executive Order No. 11,527, issued April 23, 1970, amended 32 CFR § 1622.22, effectively abolishing occupational deferments. The order provided, however, that the classification of persons such as petitioner, who held an occupational deferment prior to April 23, 1970, would continue to be governed by the old regulations.

**60**

denied the registrant I–O classification or refused to reopen the registrant's classification to consider a claim for I–O classification. The courts in these cases found that although the boards' actions could have had a valid factual basis, e. g., the registrant's lack of sincerity, the absence of a statement of reasons left the court with no facts to review thus depriving the registrant of his statutory right to judicial review. 50 U.S.C.A. App. § 460(b) (3) (1968). Scott v. Commanding Officer, *supra,* 431 F.2d at 1137; Paszel v. Laird, *supra,* 426 F.2d at 1175; United States v. Broyles, *supra,* 423 F.2d at 1303. If there is a general principle in these cases, applicable to cases not involving conscientious objectors, it would seem to be that where a registrant establishes a prima facie claim that he is entitled to a certain action by his local board and his file contains no objective facts which would detract from his claim, the local board, if it denies the claim, must supplement the file with factual findings which support the denial. *See* Lewis v. Secretary, Department of Army, 402 F. 2d 813 (9th Cir. 1968). This principle would be simply a corollary of the rule requiring a basis in fact. That is, if there is no objective fact in the file supporting the board's action, the board must remedy the deficiency by its explanation.

■ Application of this principle to the present case does not help petitioner. Assuming, *arguendo,* that petitioner did establish a prima facie claim to II–A classification, it is obvious that petitioner's file contains an objective fact which detracts from his claim; i. e., the recommendation of the Scientific Advisory Committee. Therefore, petitioner's Local Board was not required to set forth its reasons for denying petitioner II–A classification.

Accordingly, I find that petitioner's I–A classification had a basis in fact and was otherwise procedurally proper. The petition for a writ of habeas corpus will be denied.