**Michael F. ELEEY, Appellant,**

v.

**Thomas M. VOLATILE, Commanding Officer, and Secretary of Defense, Appellees.**

**No. 71-1355.**

United States Court of Appeals,
Third Circuit.

Submitted Dec. 16, 1971.

Submitted for Reconsideration En Banc
Jan. 3, 1973.

Decided May 3, 1973.

---

1. See U. S. v. Marchese, 341 F.2d 782, 788 (9th Cir. 1965).

Sanford Kahn, Philadelphia, Pa., for appellant.

Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Submitted Dec. 16, 1971.

Before BIGGS, VAN DUSEN and HUNTER, Circuit Judges.

Submitted for Reconsideration En Banc Jan. 3, 1973.

Before SEITZ, Chief Judge, and BIGGS, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant submitted to induction into the armed forces on November 25, 1970. He then filed a petition for a writ of ha-Pa.1971). Because of the well-written beas corpus which was denied by the district court on February 16, 1971. Eleey v. Volatile, 339 F.Supp. 57 (E.D. opinion of the district court, we need not delve into the facts.

In 1968 appellant was classified II–A (occupational ·deferment). His board classified him II–A again in 1969. In 1970, however, the local board received notice from the Pennsylvania Scientific Advisory Committee that it considered appellant's work "nonessential." The board then classified appellant I–A without giving him any reason for that action. He exhausted his administrative remedies, submitted to induction, and brought the present action.

The sole issue for us to consider is whether it was a·violation of appellant's right to due process for his draft board not to give reasons for its refusal to renew appellant's II–A classification when (1) appellant did not request such a statement, and (2) the draft board had in its file a statement from the National Scientific Advisory Board that appellant's job was not essential to national security.

■ In Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir. 1970), this circuit held that a local board was required to state reasons when it refused to grant classification as a conscientious objector to an applicant who had made out a prima facie claim for such classification. The district court held that Scott was limited to conscientious objector claims. Whatever the correctness of that interpretation of Scott at that time, our recent decision in Cale v. Volatile, 465 F. 2d 1110 (3d Cir. 1972) makes it clear that when an applicant has presented a prima facie case for occupational defer-

ment, his board must state its reasons for denying that claim.

*Cale*, however, did retain the requirement that the applicant present a prima facie case of entitlement. The district court did not determine whether appellant had presented such a case. It held that even assuming he had done so, he was not entitled to a statement of reasons from the board.

We conclude that appellant did present a prima facie case for an occupational deferment.

"In selective service cases, a *prima facie* case is present 'if a registrant has presented facts which, if true and uncontradicted by other information contained in the file, would be sufficient under the regulations to warrant granting his requested classification.' . . ." (Citation omitted.) Cale v. Volatile, *supra*, at footnote 3.

■ Appellant had been granted an occupational deferment for two previous years on basically the same facts as he presented this time. In a similar situation we held that a registrant had presented a prima facie case. United States ex rel. Kameshka v. Neff, 446 F. 2d 1164 (3d Cir. 1971).

Although the board did have the conclusion of the Scientific Advisory Board before it, we do not feel that in this situation it was sufficient information to excuse the board from presenting reasons for its action.[1] In this situation it was particularly appropriate and fair for a local board to inform a registrant of the reasons for its actions.

The judgment of the district court will be reversed and this case remanded to that court for it to grant the writ of habeas corpus.

VAN DUSEN, Circuit Judge, (dissenting):

I dissent, respectfully, from the conclusion of the majority opinion, because the finding of the Pennsylvania Scientific Advisory Committee that petitioner's occupation was nonessential contradicted the other information in the file indicating a prima facie case. Since this finding had not been present in the file during the two previous years, this record is substantially different from that before the court in United States ex rel. Kameshka v. Neff, 446 F.2d 1164 (3d Cir. 1971). As stated by the district court,

"Assuming, *arguendo*, that petitioner did establish a prima facie claim to II–A classification, it is obvious that petitioner's file contains an objective fact which detracts from his claim; i. e., the recommendation of the Scientific Advisory Committee." [p. 68 of 339 F.Supp.]

I would enter an order vacating the district court order and remanding the case to that court so that it may determine what effect these cases, which have been decided since its opinion and order, may have on this matter: Fein v. Selective Service System, 405 U.S. 365, 92 S. Ct. 1062, 31 L.Ed.2d 298 (1972); Cale v. Volatile, 465 F.2d 1110 (3d Cir. 1972); United States ex rel. Bent v. Laird, 453 F.2d 625 (3d Cir. 1971); Kameshka v. Neff, 446 F.2d 1164 (3rd Cir. 1971); and Joseph v. United States, 438 F.2d 1233 (3d Cir. 1971), vacated and remanded, 405 U.S. 1006, 92 S.Ct. 1274, 31 L.Ed.2d 473 (1972).

---

1. This case makes no determination as to whether appellant could have been considered to have made out a prima facie case had he been presenting his claim for the first time in 1970.